**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4007**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

FREDDY HURTADO,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:03-cr-00014-RLV-CH-3)

───────────

Submitted: October 14, 2008      Decided: October 16, 2008

───────────

Before KING, GREGORY, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

David L. Hitchens, LAW OFFICE OF DAVID L. HITCHENS, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Freddy Hurtado appeals from his mandatory minimum 240-month sentence imposed after he received a downward variance and after he pled guilty to conspiracy to possess with intent to distribute cocaine and heroin. Hurtado's counsel filed an Anders v. California, 386 U.S. 738 (1967) brief, Hurtado filed a pro se supplemental brief, and the Government has declined to file a brief. We affirm.

Hurtado argues that his plea was involuntary because he believed he would receive one less drug felony in the 21 U.S.C. § 851 (2000) information and the Government would file a U.S. Sentencing Guidelines Manual § 5K1.1 (2006) motion. He requests a sentence below the statutory minimum. He does not request that his guilty plea be invalidated, however. Hurtado's plea agreement does not contain a promise that the Government would file a § 5K1.1 motion. The Fed. R. Crim. P. 11 hearing transcript clearly indicates that the plea was based on leaving off one of Hurtado's drug felonies in the § 851 information but that the Government would not file a § 5K1.1 motion. Hurtado agreed with the summary of the plea agreement and that no other agreements were made outside the plea agreement.

Hurtado's plea agreement did not obligate the Government to move for a § 5K1.1 departure even if Hurtado

2

provided substantial assistance. Hurtado does not allege, and the record does not disclose, any evidence that the Government refused to make the motion based on any unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992) (holding that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive."). Therefore, Hurtado's claim fails.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hurtado's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED